USCA1 Opinion

 

 NOT FOR PUBLICATION ___________________ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1491 JORGE E. CANCEL-LUGO, et al., Plaintiffs, Appellants, v. CARLOS ALVARADO, et al., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Victor P. Miranda Corrada on brief for appellant. _________________________ Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini, Deputy ________________ ____________________ Solicitor General, and Edgardo Rodriguez-Quilichini, Assistant ______________________________ Solicitor General, Department of Justice, on brief for appellee.  ____________________ May 8, 1997 ____________________ Per Curiam. Jorge Cancel-Lugo appeals the district ___________ court's rejection, following a bench trial, of his claims against Carlos Alvarado as Executive Director of Cancel- Lugo's employer, the Puerto Rican Electric Power Authority (PREPA). Cancel-Lugo argues that he was transferred within PREPA because of his political party affiliation in violation of 42 U.S.C. 1983, the Puerto Rican Constitution, 29 L.P.R.A. 136 and 146, and 3 L.P.R.A. 1334; and that his due process rights were transgressed because he was transferred without a hearing. After reviewing the parties' briefs and the record, we affirm for substantially the reasons given by the district court after addressing one point not covered in the opinion below.  On appeal, Cancel-Lugo contends that the district court's finding that Alvarado had no discriminatory intent and did not cause Cancel-Lugo's transfer is not enough to support the dismissal of his claims under 29 L.P.R.A. 136 and 146, which prohibit discrimination in employment on the basis of political affiliation. Cancel-Lugo argues that Alvarado could be held vicariously liable for the acts of his subordinates under 31 L.P.R.A. 5142. However, our cases, reading the Puerto Rican statutes in light of the Eleventh Amendment, refuse to impose vicarious liability on supervisory government officials under 29 L.P.R.A. 136 and 146. Jusino v. Zayas, 875 F.2d 986, 993 (1st Cir. 1989); ______ _____ -2- -2- Marin-Piazza v. Aponte-Roque, 873 F.2d 432, 436-37 (1st Cir. ____________ ____________ 1989). Affirmed.  ________ -3- -3-